IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS HOHMAN, JAMES W. WOODRING, STEVEN DASSA, LINDA S. STOUT, LYNDA PETERSON, DAVID L. ELDRIDGE, RUSSELL GREEN JR., MATTHEW COLELLO, LOUISA PECK, ELEANOR J. DARIENZO, BONNIE BURMYLO, and KAREN KIM individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | NO.  1:09-CV-03693<br><br>Judge: Hon. Joan H. Lefkow<br><br>Magistrate Judge: Hon. Sidney I. Schenkier<br><br>CLASS ACTION |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MATRIXX INITIATIVES, INC., ZICAM LLC, an Arizona Limited Liability Corporation, WILLIAM J. HEMELT AND CARL J. JOHNSON | ) ) ) ) ) | |
| Defendants. | ) ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Thomas Hohman, James W. Woodring, Steven Dassa, Linda S. Stout, Lynda Peterson, David L. Eldridge, Russell Green Jr., Matthew Colello, Louisa Peck, Eleanor J. Darienzo, Bonnie Burmylo, and Karen Kim individually and on behalf of a class (or subclasses) of all those similarly situated, bring this action under the consumer fraud laws of the respective states in which they are citizens and reside and seek both damages and injunctive relief as follows:

**NATURE OF THE CASE**

1.  Plaintiffs bring this action for consumer fraud against Defendants for the deceptive

representations Defendants make (and have made) in connection with their sale and packaging of certain zinc-based Zicam cold remedy products.

2.  Plaintiffs do not seek damages for personal injuries arising from the use of these products nor do they seek damages for any assertion that the failure to warn about potential personal injuries arising from the use of these products constitutes a consumer fraud.  Plaintiffs seek only economic relief to which Plaintiffs and the Class members are entitled to under their respective consumer fraud acts.

3.  It has been the accepted standard, for over four decades, in the both the medical and scientific community, that in order for someone to make a health benefit claim about a product, the party making that claim must possess competent scientific evidence - meaning that they have at least two adequate and well controlled clinical trials supporting a particular health benefit claim about a particular product (hereafter referred to as "competent scientific evidence").

4.  Plaintiffs seek damages and injunctive relief against Defendants because Defendants have deceptively represented to Plaintiffs and the Class that the zinc-based Zicam products they market and sell are effective cold remedies and that they are effective in relieving and reducing the duration of the symptoms of the common cold when, in fact, Defendants do not possess (and have not possessed) competent scientific evidence for such claims with regard to each of these products.

5.  On the packaging of each of Defendants' zinc-based Zicam products Defendants prominently state that the product is a cold remedy and that it is effective in relieving and reducing the duration of the symptoms of the common cold.

6.  In making these affirmative representations, Defendants represent to each purchaser of

these zinc-based Zicam products that Defendants have competent scientific evidence that these products are effective in relieving and reducing the symptoms of the common cold.  Yet, Defendants do not possess such competent scientific evidence.  In fact, the vast weight of scientific evidence and consensus in the medical/scientific community is that zinc-based remedies are not effective cold remedies. In short, Defendants have not obtained the necessary scientific proof with regard to each of the zinc-based Zicam products they market and sell in order to make the representations that they have made about each of these products.  As a result, Defendants are guilty of deceptive conduct in their marketing and sale of these zinc-based Zicam products. Defendants are also guilty of deception by omission in that, after affirmatively asserting that these products are cold remedies and provide relief and shorten the duration of the symptoms of the common cold, Defendants had a duty to tell Plaintiffs and the Class members the fact that they did not have competent scientific evidence to support the efficacy representations that they made about each of these zinc-based Zicam products.

7.  Other than using as a cold remedy and seeking to relieve or reduce the symptoms of the common cold, there is no other reason for Plaintiffs or the Class Members to have purchased Defendants' zinc-based Zicam products.

8.  Thus, through the act of purchasing one of Defendants' zinc-based Zicam products, Plaintiffs and each Class members necessarily were deceived by Defendants' representations that these zinc-based Zicam products were cold remedies and would provide relief and reduce the symptoms of the common cold.  Plaintiffs and the Class members were also deceived by Defendants in that, after affirmatively asserting that these products are cold remedies and that they would provide relief and shorten the duration of the symptoms of the common cold,

Defendants committed deception by omission in that they failed to inform Plaintiffs and the

Class members that they did not possess competent scientific evidence to support these health

benefit claims.

## JURISDICTION AND VENUE

9.  This action is instituted under the respective consumer fraud acts of the states in

which Plaintiffs are citizens and reside to recover damages and, where applicable, obtain

exemplary damages,  injunctive relief, costs of this suit, reasonable attorneys' fees and litigation

expenses.

10.  This Court has jurisdiction under 28 U.S.C. § 1332(d) in that Plaintiffs bring this

action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, the amount

in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and

Plaintiffs and certain members of the Plaintiff class are citizens of different states from the

Defendants. With regard to the jurisdictional amount, Defendants recently published on their

Zicam web site that over thirty-five million packages of Zicam products had been sold since

1999.  The average price of these product packages is approximately $10 such that

approximately $350 million worth of Zicam products have been sold over the last ten years or an

average of $35 million worth of product on an average annual basis.  The population of the states

that Plaintiffs seek to represent constitutes Fifty-one percent of the population of the United

States. Fifty-one percent of even one year's sales would exceed the jurisdictional amount.

11.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2), because at the

very least a substantial part of the events giving rise to the claims of Plaintiff Thomas Hohman

and the Illinois class members occurred in this judicial district, Defendants conducted and

continue to conduct business in the State of Illinois, including, but not limited to the marketing and sale of the zinc-based Zicam products, and all of the Defendants are subject to service of process in this district.

## PARTIES

### Plaintiffs

12.  Plaintiff Thomas Hohman is an Illinois citizen and resident who purchased, within the last three years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

13.  Plaintiff James W. Woodring is a California citizen and resident who purchased, within the last four years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

14.  Plaintiff Steven Dassa is a Florida citizen and resident who purchased, within the last two years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

15.  Plaintiff Linda S. Stout is a Texas citizen and resident who purchased, within the last two years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

16.  Plaintiff Lynda Peterson is a Minnesota citizen and resident who purchased, within

the last four years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

17.  Plaintiff David L. Eldridge is a Wisconsin citizen and resident who purchased, within the last six years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

18.  Plaintiff Russell Green Jr. is a Missouri citizen and resident who purchased, within the last two years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

19.  Plaintiff Matthew Colello is a Virginia citizen and resident who purchased, within the last two years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

20.  Plaintiff Louisa Peck is a Washington citizen and resident who purchased, within the last four years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

21.  Plaintiff Eleanor J. Darienzo is a New York citizen and resident who purchased, within the last three years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and

reducing the symptoms of the common cold.

22.  Plaintiff bonnie Burmylo is a New Jersey citizen and resident who purchased, within the last fours years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

23.  Plaintiff Karen Kim is a Pennsylvania citizen and resident who purchased, within the last six years, one of Defendants' zinc-based Zicam products believing Defendants' representations that it was proven to be a cold remedy and that it was effective in relieving and reducing the symptoms of the common cold.

## **Defendants**

24.  Defendant Matrixx Initiatives Inc., ("Matrixx") is a Delaware Corporation with its principal place of business at 8515 E. Anderson Drive, Scottsdale, Arizona, 85255.  Matrixx has been and still is engaged in the marketing and sale of zinc-based Zicam products throughout the United States and in the states in which Plaintiffs and the Class members are citizens and residents.

25.  Defendant Zicam LLC, an Arizona Limited Liability Corporation, ("Zicam LLC")  is a wholly owned subsidiary of Matrixx and the entity through which Matrixx markets and sells all of Matrixx's zinc-based Zicam products with its principal place of business at 8515 E. Anderson Drive, Scottsdale, Arizona, 85255.  Zicam LLC has been and still is engaged in the marketing and sale of zinc-based Zicam products throughout the United States and in the states in which Plaintiffs and the Class members are citizens and residents.

26.  Defendant William J. Hemelt ("Hemelt") is the acting President, CFO and COO of

7

Matrixx.  As stated on Matrixx's web site, "Since joining the company in June 1998, Mr. Hemelt has been instrumental in the development of short and long-term strategies designed to support corporate positioning and new product development."  Prior to becoming acting President, Hemelt was an Executive Vice President and CFO.  As the President of Matrixx and in his prior position as an Executive Vice President of Matrixx, Hemelt has supervised and caused the deceptive marketing and sale of zinc-based Zicam products throughout the United States and has been and still is engaged in the marketing and sale of zinc-based Zicam products in the states in which Plaintiffs and the Class members are citizens and residents.

27.  Defendant Carl J. Johnson ("Johnson") was, until recently, the President and CEO of Matrixx and currently serves as a paid consultant to Matrixx, earning $500,000 per year. As the President of Matrixx, Johnson supervised and caused the deceptive marketing and sale of zinc-based Zicam products throughout the United States and has been and still is engaged in the marketing and sale of zinc-based Zicam products in the states in which Plaintiffs and the Class members are citizens and residents.

28.  Except as otherwise noted, Matrixx, Zicam LLC, Hemelt and Johnson are collectively referred to as Defendants throughout this complaint.

29.  Defendants manufacture, market and sell, among other things, the Zicam line of zinc-based products in commerce throughout the United States and, as more fully set forth throughout this complaint, claim that they are effective cold remedies when, in fact, Defendants have not and do not possess competent scientific evidence to support these claims.

## DEFENDANTS' ZINC-BASED ZICAM PRODUCTS

30.  The products which are the subject of this lawsuit are eight zinc-based products

8

marketed and sold by Defendant as proven and effective cold remedies.

31.  These products are:

(a)  **<u>Zicam Cold Remedy Gel Swab</u>**[1]  The claimed active ingredient in this product is Zincum Gluconicum.  The mode of delivery of this product is through the insertion into the nose of a gel swab containing the product in gel form.

(b)  **<u>Zicam Cold Remedy Nasal Gel</u>**  The claimed active ingredient in this product is Zincum Gluconicum.  The proposed mode of delivery is a propulsive mister that shoots gel into the nose.

(c)  **<u>Zicam Cold Remedy Oral Mist</u>**  The claimed active ingredients in this product are Zincum Aceticum and Zincum Gluconicum.  The mode of delivery is a spray mist delivered into the nose.

(d)  **<u>Zicam Cold Remedy Rapid Melts</u>**  The claimed active ingredients in this product are Zincum Aceticum and Zincum Gluconicum.  The mode of delivery is a lozenge slowly dissolved in the mouth.

(e)  **<u>Zicam Cold Remedy Rapid Melts with Vitamin C</u>**  The claimed active ingredients in this product are Zincum Aceticum and Zincum Gluconicum.  The mode of delivery is a lozenge slowly dissolved in the mouth.

(f)  **<u>Zicam Cold Remedy Rapid Melts with Vitamin C and Echinacea</u>**  The claimed active ingredients in this product are Zincum Aceticum and Zincum Gluconicum.  The mode of delivery is a lozenge slowly dissolved in the mouth.

(g)  **<u>Zicam Cold Remedy Chewables</u>**  The claimed active ingredients in this product are

---

[1]Defendants also market and sell a children's version of the Gel Swab product.

Zincum Aceticum and Zincum Gluconicum. The mode of delivery is through chewing and swallowing the product.

(h) **Zicam Cold Remedy Chewcaps** The claimed active ingredients in this product are Zincum Aceticum and Zincum Gluconicum. The mode of delivery through chewing and swallowing the product.

32. Except as otherwise noted, the above described zinc-based Zicam products hereafter will be collectively referred to as the Zicam products.

### REPRESENTATIONS MADE BY DEFENDANTS ABOUT THE ZICAM PRODUCTS

33. All of the packaging of the Zicam products prominently and repeatedly make the same deceptive statements in that Defendants have no competent scientific evidence to make these claims, to-wit:

(a) the Zicam products are cold remedies;

(b) the Zicam products shorten the duration of the common cold;

(c) the Zicam products reduce the severity of cold symptoms including sore throat, stuffy nose, sneezing, coughing, and congestion; and

(d) the Zicam products must be taken for an additional 48 hours after the symptoms subside.

34. Thus, for example, on the Zicam Nasal Gel Swabs box, Defendants make the following unsupported representations:

a. On the front of the box, underneath the word "Zicam," is the statement in bold print "**COLD REMEDY.**" Underneath "**COLD REMEDY**" is the statement "Get over your cold faster" with a trademark "TM" right after this phrase. Underneath this is the statement "Reduces

10

the duration and severity of cold symptoms."

b. On the top of the box, underneath the word "Zicam," is the statement "**Cold Remedy.**"

c. On the back of the box under "Drug Facts," the active ingredient is identified as Zincum Gluconium 2x and then states under the word "Purpose," "Reduces duration and severity of the common cold." Underneath this is the "Uses" section which states "reduces duration of the common cold; reduces severity of cold symptoms: sore throat - stuffy nose - sneezing - coughing - congestion." Further down on the back of the box is the statement, "Zicam Cold Remedy was formulated to shorten the duration of the common cold...." Finally, under "Directions" the box states, "For best results, use at the first sign of a cold and continue to use for an additional 48 hours after symptoms subside."

d. Except as otherwise noted, the representations described above will be referred to as "the representations."

35. Identical statements and representations are made on the boxes of each of Defendants' Zicam products. For example, while the active ingredients on Zicam Cold Remedy Oral Mist are listed as "Zincum Aceticum 2x and Zincum Gluconium 1x," all of the other statements and representations described above with regard to the Gel Swab box are identical to those made on the Oral Mist box.

36. As a result, not only was every purchase of the Zicam products tainted with Defendants' deceptions in that Plaintiffs and the Class members would not have purchased a Zicam product without believing that it was a proven effective cold remedy and that it provided relief and shortened the duration of the symptoms of the common cold, but just in the act of

looking at the package on the shelf, thereafter reading anywhere on the outside of the box or in following the directions for use,  Plaintiffs and the Class members would have seen Defendants' deceptive representations.

37.  By making these representations on the box of each Zicam product, Defendants represented (and continue to represent) to Plaintiffs and the Class members that they had competent scientific evidence to back up these assertions when they did not possess such evidence.  These were material misrepresentations concerning the only reason that Plaintiffs and the Class members would have purchased Defendant's Zicam products - that they were proven by competent scientific evidence to be effective as cold remedies and were proven by competent scientific evidence to be effective in relieving and reducing the duration of the symptoms of the common cold.

38.  Further, by affirmatively stating on the box of each Zicam product that it was a cold remedy and that it would provide relief and shorten the duration of the symptoms of the common cold, Defendants were under a duty to disclose that they did not have competent scientific evidence that these products had these uses or provided these benefits.  As a result, Defendants were also guilty of deception by omission.

39.  Defendants know and have known since they began marketing the Zicam products in 1999 that they did not have and still do not have competent scientific evidence to support the representations that they make and have made about the Zicam products.  In particular, as alleged above, it has been the accepted standard, for over four decades, in the both the medical and scientific community, that in order for someone to make a health benefit claim about a product, the party making that claim must possess competent scientific evidence - meaning that

they have at least two adequate and well controlled clinical trials supporting a particular health benefit claim about a particular product. With respect to the Zicam products, this meant that Defendants had to have at least two adequate and well controlled clinical studies for each of the eight Zicam products proving that the particular product was a cold remedy and that it relieved and shortened the duration of common cold symptoms under the conditions of use set forth on the product's packaging.

40. Defendants do not and have never possessed such competent scientific evidence to support the representations they have and continue to make about the Zicam products.

41. In fact, the existing scientific evidence does not support Defendants making any efficacy claims that the Zicam products are cold remedies, provide any relief or shorten the duration of the symptoms of the common cold or that for best results Zicam should be used for an additional 48 hours after symptoms subside.

42. By making unsupported efficacy and usage representations about the Zicam products, Defendants committed (and continue to commit) consumer fraud and, among other things, have engaged (and continue to engage) in deceptive conduct. Furthermore, in making these efficacy representations about the Zicam products when they knew that they did not have competent scientific proof to support these claims, Defendants are and were guilty of deception by omission - by failing to disclose the lack of competent scientific proof to support these efficacy claims - which if adequately and properly disclosed would have caused reasonable consumers to not purchase the Zicam products.

43. By purchasing the Zicam products, Plaintiffs and the Class members necessarily believed and were deceived in some manner by Defendants' representations that the Zicam

products were proven effective cold remedies.  As described above, the representations were prominently and repeatedly made on the boxes of each Zicam product such that at the point of purchase and at the point of usage purchasers necessarily had to read Defendants' deceptive representations.  Moreover, other than believing that the Zicam products were proven cold remedies and that they would provide relief and shorten the duration of the symptoms of the common cold, there was no other reason for anyone to buy one of these products.  They had no other use.

44.  As a result, Plaintiffs and the Class members were deceived by Defendants into believing that the Zicam products were proven effective cold remedies when, in fact, they were and are not.  Moreover, after having made the affirmative representations - at the point of purchase on the box that every purchaser necessarily saw - that its Zicam products were cold remedies and provided relief and shortened the duration of the symptoms of the common cold, Defendants were guilty of deception by omission in that they failed to disclose that they did not have competent scientific evidence to support these claims.

45.  Plaintiffs and the Class members, along with future purchasers of the Zicam products,  have been or will be damaged in their purchases of these products in that they have been or will be deceived into purchasing a product that they have been lead to believe has been proven effective when, in fact, it has not.

46.  Because the accepted standard within the scientific and medical community has, for over four decades, required competent scientific evidence (as defined above) before one can make health benefit claims about a product, Defendants currently know and have known since at least as early as 1999, when the Zicam products first were marketed and sold, that they do not

and have not had competent scientific evidence to support the claims that these products are cold remedies or that they provide relief and shorten the duration of the symptoms of the common cold.

## CLASS ACTION ALLEGATIONS

47.  Because the elements of a consumer fraud claim are similar to if not identical in all of the following states, Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following class:

> All persons in the states of Illinois, California, Florida, Texas, Minnesota, Wisconsin, Missouri, Virginia, Washington, New York, New Jersey, and Pennsylvania, who, at any time within the applicable statute of limitations of their respective state, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

48.  In the alternative, Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the following sub-classes:

> Sub-Class A: Pursuant to 815 Ill. Comp. Stat. § 505/1, et seq.: All persons in the state of Illinois who, at any time during last three years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

> Sub-Class B: Pursuant to California Bus. & Prof. Code, § 17200 et seq.: All persons in the state of California who, at any time during the last four years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

> Sub-Class C: Pursuant to Fla. Stat. § 501.201, et seq.: All persons in the state of Florida who, at any time during the last two years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

> Sub-Class D: Pursuant to Tex. Bus. & Com. Code § 17.41, et seq.: All persons in the

state of Texas who, at any time during the last two years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class E: Pursuant to Minn. Stat. § 325F.68, et seq.: All persons in the state of Minnesota who, at any time during the last four years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class F: Pursuant to Wis. Stat. § 100.18, et seq.: All persons in the state of Wisconsin who, at any time during the last six years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class G: Pursuant to Mo. Rev. Stat. § 407.010, et seq.: All persons in the state of Missouri who, at any time during the last two years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class H: Pursuant to Va. Code § 59.1-196, et seq.: All persons in the state of Virginia who, at any time during the last two years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class I: Pursuant to Wash. Rev. Code § 19.86, et seq.: All persons in the state of Washington who, at any time during the last four years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class J: Pursuant to New York General Business Law § 349, et seq.: All persons in the state of New York who, at any time during the last three years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class K: Pursuant to N.J.S.A. § 56:8-1, et seq.: All persons in the state of New Jersey who, at any time during the last four years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

Sub-Class L: Pursuant to 73 P.S. § 201-1, et seq.: All persons in the state of Pennsylvania who, at any time during the last six years, purchased any one of the Zicam products. Excluded from the Class are Matrixx and Zicam LLC's officers, directors and employees.

49.  Plaintiffs do not know the exact number of Class members, but due to the nature of the products involved and the fact that (1) the Zicam web site states that since 1999 over 35 million retail units of Zicam products have been sold and (2) Matrixx's annual reports reflect that revenues from the sales of  Zicam products during the class period has been in the hundreds of millions of dollars, Plaintiffs believe that there are thousands of Class members as described above.

50.  The Class is so numerous and geographically dispersed that joinder of all members is impracticable.

51.  For purposes of Rule 23(b)(3) class certification, there are questions of law and fact common to the Class including:

a.  Whether Defendants engaged in consumer fraud in the packaging, sale and marketing of the Zicam products.

b.  Whether Defendants engaged in deceptive conduct in representing  that the Zicam products were cold remedies.

c.  Whether Defendants engaged in deceptive conduct in representing  that the Zicam products would provide relief and shorten the duration of the symptoms of the common cold.

d.  Whether Defendants engaged in deceptive conduct in representing  that the Zicam products were proven effective cold remedies.

e.  Whether Defendants engaged in deceptive conduct by failing to disclose the fact that they did not possess competent scientific evidence that the Zicam products were cold remedies or that they provided relief or shortened the duration of the symptoms of the common cold.

f.  Whether Defendants have competent and scientifically accepted proof for each of the Zicam products that supports the representations that Defendants have made and continue to

make with regard to each of the Zicam products.

g.   Whether Defendants intended that Plaintiffs and other class members rely upon the representations.

h.   Whether Plaintiffs and the Class members have been injured or damaged as a proximate result of Defendants' deceptive conduct and the amount of such damage.

52.   Plaintiffs are members of the class or subclasses.  Plaintiffs' claims are typical of the claims of the Class Members, and Plaintiffs will fairly and adequately protect the interests of the Class or subclasses.  Plaintiffs have each purchased a Zicam product.

53.   Plaintiffs are represented by counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

54.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

55.   The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

56.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class (or sub-classes) is readily definable.  Prosecution as a class action will eliminate the possibility of repetitious litigation.  Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  This action presents no difficulties in management that would

preclude its maintenance as a class action.

57.  For purposes of Rule 23 (b)(2) class certification, Defendants continue to engage in deceptive conduct regarding the Zicam products and will continue to do so unless an injunction is entered prohibiting them from engaging in this deceptive conduct.

## COUNT I
(Consumer Fraud)

58.  Plaintiffs repeat and re-allege the allegations made in paragraphs 1-57 as paragraph 58 of this Count I.

59.  Plaintiffs bring their claims under Count I pursuant to their respective consumer fraud statutes listed above in paragraph 48.  These statutes and the case law interpreting these statutes are similar or identical to one another with respect to what constitutes consumer fraud.

60.  Alleged herein and below, Defendants' representations and omissions about the Zicam products constitute deceptive acts or practices under each of the state consumer protection statutes cited above.

61.  Defendants intended that Plaintiff and the Class members rely upon Defendants' representations and deceptions about the Zicam products.

62.  Plaintiffs and the Class members were deceived in some manner and were misled by Defendants into believing that the  Zicam products (1) were proven cold remedies  (2) were proven to provide  relief from and shorten  the duration of their cold symptoms or (3) both , when, in fact, they were not.  As a result, Plaintiffs and the Class members were misled about the proven uses and benefits of the Zicam products.

63.  Having made these affirmative representations about the uses and benefits of the Zicam products, Defendants were also guilty of deception by omission in that Defendants failed to disclose

to Plaintiffs and the Class members that Defendants, in fact, did not possess competent scientific evidence to support the claims that they made about the Zicam products.

64.  Defendants' misrepresentations and omissions were both material in that reasonable consumers would have taken the Defendants' lack of competent scientific evidence into consideration when deciding to purchase Defendant's Zicam products.

65.  The placebo effect for any purported health remedy is strong and is particularly strong with regard to purported cold remedies, where the condition sought to be remedied ultimately runs its course regardless of whether a purported remedy is taken.

66.  Defendants have relied (and continue to rely) upon the placebo effect and the fact that colds run their own course to mislead and mask from Plaintiffs and the Class members that they do not possess competent scientific evidence to support the representations made about the Zicam products.

67.  Plaintiffs and the Class members were injured and damaged by Defendants' deceptive conduct in that they purchased a product – namely a Zicam product – believing it to be a proven cold remedy, when, in fact, it was not.  As such, Plaintiffs and the Class members paid for a product that was worthless or, at a minimum, less in value than what was represented by Defendants.

68.  Plaintiffs and the Class members' injuries and damages were proximately caused by Defendants' deceptive conduct.

69.  Concurrent with filing and serving this Class Action Complaint for Damages and Injunctive Relief, Defendants were served with notice, pursuant to Section 17.505 of the Texas Business and Commerce Code, informing Defendants that Plaintiffs intend to amend this Class Action Complaint for Damages and Injunctive Relief (61) days after its filing to assert claims and

causes of action pursuant to the Texas Deceptive Trade Practices and Consumer Protection Act,

Section 17.41, *et seq.*, of the Texas Business and Commerce Code.

Wherefore, Plaintiffs respectfully request that this Court:

A)  Certify this action as a class action pursuant to Fed. R. Civ. P. Rule 23 (b)(2) and (b)(3);

B)  Appoint Plaintiffs' counsel as class counsel;

C)  Enter judgement in favor of Plaintiffs and the Class members;

D)  Award Plaintiffs and the Class members their damages including exemplary damages

where allowed;

E)  Enjoin Defendants from engaging in future deceptive conduct regarding the Zicam

products;

F)  Award Plaintiffs their attorneys' fees, costs and expenses of this suit; and

G)  Order such other relief as this Court deems just and proper.


s/ Stewart M. Weltman
One of Plaintiffs' Attorneys

DATED: July 1, 2009

John R. Wylie
Stewart M. Weltman
FUTTERMAN HOWARD WATKINS
  WYLIE & ASHLEY, CHTD.
122 S. Michigan Ave., Suite 1850
Chicago, IL  60603
Telephone:  312-427-3600
Telefax:  312-427-1850
jwylie@futtermanhoward.com
sweltman@futtermanhoward.com

Of Counsel:

Richard L. Coffman
THE COFFMAN LAW FIRM
First City Building
505 Orleans St., Suite 505

Beaumont, TX  77701
Telephone:  409-833-7700
Telefax:  866-835-8250
rc@cofflaw.com

Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 E. State Street
Media, PA  19063
Telephone:  610-891-9880
Telefax:  610-891-9883
nfinkelman@sfmslaw.com

Jayne Arnold Goldstein
SHEPERD, FINKELMAN, MILLER & SHAH, LLP
1640 Town Center Circle, Suite 216
Weston, FL  33326
Telephone:  954-515-0123
Telefax:  954-515-0124
jgoldstein@sfmslaw.com

R. Craig Zafis, APC
13025 Danielson St., Suite 107
Poway, CA  92064
Telephone:  858-486-5905
Telefax:  858-486-5909

Linda Laurent Thomas
THOMAS & WAN LLP
1710 Sunset Blvd.
Houston, Texas 77005
Telephone: 713-529-1177
Telefax: 713-529-1116
lthomas@thomasandwan.com

G:\DA\Zicam\Pleadings\Amended Complaint.wpd